

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NMHG Financial Services, Inc., | ) | No. 07 C 02962 |
| Appellant, | ) | |
| | ) | The Honorable William J. Hibbler |
| v. | ) | |
| Wickes Inc., | ) | |
| Appelle. | ) | |

## MEMORANDUM OPINION AND ORDER

Appellant NMHG Financial Services, Inc. seeks leave to appeal the denial of its motion for summary judgment by the United States Bankruptcy Court for the Northern District of Illinois. NMHG brings this motion pursuant to Bankruptcy R. 8003 and 28 U.S.C. § 158(a), and alleges that the Bankruptcy Court failed to apply judicial and equitable estoppel and therefore erroneously denied its motion. For the reasons stated herein, NMHG's motion for leave to file an interlocutory appeal is DENIED.

### I. Factual Background

NMHG and Wickes Inc. are currently embroiled in an adverse proceeding in the United States Bankruptcy Court for the Northern District of Illinois. In 2004, Wickes filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code. During the course of the proceedings, Wickes obtained permission from the Bankruptcy Court to reject certain unexpired equipment agreements, including leases for

1

forklifts that were owned by NMHG. Subsequently, the equipment that was the subject of the rejected leases was returned to NMHG. NMHG then sold the equipment to various third parties in order to mitigate its damages.

Approximately a year and a half later, Wickes filed an Adversary Complaint seeking to recharacterize the previously rejected leases as disguised financing transactions.[1] NMHG contested Wickes's assertion by filing a motion for summary judgment. In its motion, NMHG claimed that because Wickes had previously rejected the leases, Wickes was estopped from asserting that the leases were disguised financing agreements. The motion was fully briefed and the Bankruptcy Court heard oral arguments as to the issues. NMHG's motion for summary judgment was denied on May 4, 2007. NMHG now seeks leave to file an interlocutory appeal contesting the Bankruptcy Court's denial of summary judgment.

## II. Standard of Review and Jurisdiction

Section 158(a) of the Bankruptcy Code governs NMHG's motion for leave to appeal. The Code grants district courts jurisdiction to accept interlocutory appeals from the bankruptcy court. *In re Patel*, No. 06-2834, 2006 WL 2735380, 2006 U.S. Dist. LEXIS 73809, at *4 (N.D. Ill. Sept. 21, 2006). Because the Bankruptcy Code does not outline specific factors in determining whether to grant an interlocutory appeal, district courts in this Circuit analyze interlocutory appeals under the framework set forth in 28 U.S.C. § 1292(b). *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997); *In re Radford*, No. 88-10441, 1989 WL 31096, 1989 U.S. Dist. LEXIS 3389, at *1 (N.D. Ill. Mar. 21, 1989). The Seventh Circuit has enumerated the following

---

[1] The case is pending in the United States Bankruptcy Court for the Northern District of Illinois as No. 06-00428. The matter was assigned to the Honorable Bruce W. Black.

2

factors for evaluating interlocutory appeals: (1) there must be a controlling question of law; (2) the question of law must be contestable; and (3) the resolution of the legal question must promise to speed up litigation. *Ahrenholz v. Board of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). The decision of whether to allow an interlocutory appeal is committed to the sound discretion of the district court. *In re Nat'l Steel Corp.*, No. 05-3362, 2205 WL 2171169, 2005 U.S. Dist. LEXIS 18862, at *8 (N.D. Ill. Aug. 31, 2005). Certification under 1292(b) is the "exception, not the rule, and therefore courts should only sparingly grant permission." *Von Holdt v. A-1 Tool Corp.*, No. 04-4123, 2005 WL 281238, 2005 U.S. Dist. LEXIS 15155, at *3 (N.D. Ill. July 25, 2005) citing *In re Brand Name Prescription Drugs*, 1998 U.S. Dist. LEXIS 18133, 1998 WL 808992 at *3 (N.D. Ill. Nov. 17, 1998).

### III.  Analysis

As noted above, NMHG must satisfy the statutory criteria in 28 U.S.C. § 1292(b) in order to be granted leave to file an interlocutory appeal.

1.  *The Controlling Question is Not a Pure Question of Law*

A question of law under Section 1292(b) is a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine ..." *Ahrenholz*, 219 F.3d at 676. Typically, a "question of law" is an issue that can be decided by the district court "quickly and cleanly without having to study the record." *Id.* A question of law is "controlling" if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Von Holdt*, 2005 U.S. Dist. LEXIS 15155, at *3 citing *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).

3

NMHG claims that Wickes should be estopped from asserting that the previously rejected leases are disguised financing agreements. Specifically, NMHG contends that when Wickes asked the Bankruptcy Court to reject the leases, it took the position that the agreements were in fact leases and not disguised financing agreements. Therefore, NMHG argues that the Bankruptcy Court erred in not estopping Wickes from later contesting the validity of the leases.

Other courts in this District have addressed similar issues. In *Patel*, the movant sought review of the bankruptcy court's denial of summary judgment based on the bankruptcy court's failure to apply collateral estoppel. *Patel*, 2006 U.S. Dist. LEXIS 73809, at *6. Ultimately, the Court held that the question presented was not a pure question of law: "the question of whether the Bankruptcy Court utilized the proper test for determining whether collateral estoppel applied necessarily *requires this Court to examine the facts* before the Bankruptcy Court." *Id.* (emphasis added). Similarly here, to analyze NMHG's supposed "questions of law" the Court would be forced to review the factual record of Wickes's conduct during not one, but two bankruptcy proceedings.[2]

This is precisely why the Seventh Circuit cautioned that: "a denial of summary judgment is a paradigmatic example of an interlocutory order that is normally not appealable." *Ahrenholz*, 219 F.3d *at* 676. Indeed, to unearth Wickes's alleged "contradictory conduct" the Court would need to compare Wickes' statements and allegations during the summer of 2004 (the original Chapter 11 proceedings), with Wickes' statements and allegations during the current bankruptcy proceedings.

---

[2] NMHG's "questions of law" presented in its brief are: (1) Whether the Court erred in stating that Wickes took no position as to the legal status of the transactions between Wickes and NMHG? (2) Whether the Court erred in not applying judicial or Equitable Estoppel in this Case? and (3) Whether the Court erred in denying NMHG's motion for Summary Judgment? (NMHG's Motion for Leave to Appeal at III).

4

Additionally, the Court would have to analyze: (1) the pleadings in support of, and in opposition to NMHG's motion for summary judgment; (2) the pleadings connected with Wickes' motion to reject the leases and; (3) all of the supporting documentation that now accompanies modern day motion practice *e.g.* financing schedules, lease schedules notices, orders, supplemental statements, exhibits and transcripts of oral arguments.

In this Court's view, the circumstances of this case do not present the type of "pure question of law" that the Court could "decide quickly and cleanly without having to study the record." Accordingly, NMHG has failed to satisfy the first requirement under Section 1292(b).

2.  *The Question of Law is Not Contestable*

Even if the Court were to conclude that this were a question of law, NMHG has not demonstrated that it is contestable. The second requirement under Section 1292(b) is that "substantial ground for a difference of opinion exist[s] on the question of law." *Von Holdt,* 2005 U.S. Dist. LEXIS 15155, at *9. To satisfy this requirement, the movant must show that there are "substantial conflicting decisions regarding the claimed controlling issue." *Id.* In this case, it is not clear that courts in this district have expressed a difference of opinion about whether a debtor that has previously rejected equipment leases is estopped from contesting the validity of those leases in a later adversary proceeding. As the movant, NMHG bears the burden of demonstrating that there is a substantial conflict, but neither party directs the Court's attention to a single opinion on this issue; nor did the Court's own research reveal any case law from this District.

An *amicus* brief filed on behalf of NMHG attempts to address this shortcoming by asserting that "there are no cases in the Seventh Circuit or the Northern District of

5

Illinois addressing this issue." Brief of CIT Group/Equipment Financing Inc. as *amicus curiae* 7. But, the movant "may not prevail by simply showing a lack of judicial precedent or that the issue is one of first impression." *Von Holdt,* 2005 U.S. Dist. LEXIS 15155, at *9. In order to overcome the general pronouncement against piecemeal litigation, the party seeking certification must "show substantial conflicting positions." *Id.* Moreover, the movant must demonstrate that "a substantial likelihood exists that the interlocutory order will be reversed on appeal." *Trustee of Jartran, Inc.* at 901. NMHG's lack of citation to any applicable case law, and the *amicus* brief's lone citation to a decision of a District Court in Texas, are insufficient to satisfy the second element of Section 1292(b).

## IV. Conclusion

NMHG has not demonstrated that exceptional circumstances justify a piecemeal approach to this litigation. For the reasons stated above, the Court denies NMHG's motion to file an interlocutory appeal.

IT IS SO ORDERED

10/17/07
Dated

The Honorable William J. Hibbler
United States District Court